IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSICA WALKER, # 25408-009, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-1296-GPM |
| ) | |
| CHARLES E. SAMUELS, JR., ) | |
| PAUL LAIRD, TERRY MEAD, ) | |
| SHAI FOSTER, STACY HERNANDE, ) | |
| and CHERYL HENING, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Federal Prison Camp in Greenville, brings this action for alleged violations of her constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff is serving a 60 month sentence for conspiracy to distribute methamphetamine. *See United States v. Walker*, Case No. 09-cr-18-JLH (E.D. Ark., sentenced June 30, 2010). Plaintiff claims Defendants have violated her Eighth and Fourteenth Amendment rights.

More specifically, Plaintiff claims she was placed in the Residential Drug Abuse Program ("RDAP") at Greenville on July 15, 2011, despite having been diagnosed with a mental illness, a learning disability, and testing below an eighth grade educational level (Doc. 1, p. 5). Defendants knew of Plaintiff's limitations, yet placed her in the RDAP program in spite of the requirement that participants should have at least an eighth grade level test score. Upon successful completion of the 500 hour program, an inmate should receive one year off her sentence. Plaintiff remained in the program for 560 hours over eight months, but was expelled

without receiving any sentence credit, because she was unable to fulfill the requirements[1] (Doc. 1-2, pp. 1, 5, 7, 15-16, 41-42). She contends that her lack of success was due to her mental illness and learning disability, which the Greenville program was not equipped to accommodate. Plaintiff had requested a transfer to the federal facility in Carswell, Texas, which has a program designed for inmates with the dual diagnosis of mental illness and a learning disability. At one point it was determined that Plaintiff would be "an appropriate candidate for transfer" (Doc. 1-2, p. 54). Ultimately, Plaintiff's transfer was denied. However, another Greenville inmate with the same diagnosis as Plaintiffs was allowed to transfer to the Carswell program. Plaintiff argues that Defendants' refusal to grant her transfer amounted to a denial of her right to equal protection.

Further, Plaintiff asserts that the decision to keep her in the Greenville RDAP when Defendants knew that she could not comprehend the program amounted to cruel and unusual punishment. Plaintiff was belittled, embarrassed, discouraged, and degraded while participating in RDAP because her mental illness, learning disability, and limited education prevented her from success.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal. Plaintiff's allegations fail to state a constitutional claim for either an equal protection or a cruel and unusual punishment violation.

A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated

---

[1] Plaintiff has brought a petition for a writ of habeas corpus under 28 U.S.C. § 2241, *Walker v. Cross*, Case No. 13-cv-102-DRH-PMF, requesting that sentence credit be awarded to her. A reduction of sentence is not an available remedy in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas action is used to seek an immediate or speedier release from custody); (*See* Doc. 7).

against him.'"[2]  *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)).  "[I]solated events that adversely affect individuals are not presumed to be a violation of the equal protection clause."  *Shango*, 681 F.2d at 1104 (quoting *Gamza v. Aguirre*, 619 F.2d 449, 453 (5th Cir. 1980)).  A "mere inconsistency in prison management" does not necessarily constitute a cognizable equal protection claim.  *Id.* (quoting *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978)).

Plaintiff's claim that she was treated differently from another inmate who shared her "dual diagnosis" and was granted a transfer appears to show inconsistency on the part of Defendants.  However, this differential treatment does not mean Plaintiff was denied equal protection because of her membership in an identifiable group.  Rather, both Plaintiff and the other inmate were members of the same "group" of persons diagnosed with both a learning disability and a mental illness.

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action.  A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation.  Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences.  It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982) (internal citations omitted)).  The facts outlined by Plaintiff do not show that her "group" was singled out for disparate treatment, only that her transfer request had

---

[2] A *Bivens* action is the federal equivalent of a § 1983 civil rights action.  *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (collecting cases).  Therefore, the reference to "state officials" applies equally to federal officials in the analysis of Plaintiff's claim.

a different outcome than someone who had similar needs to Plaintiff's. This does not state a constitutional claim.

As to Plaintiff's Eighth Amendment claim, the difficulties and emotional distress she describes, while unpleasant, do not rise to the level of cruel and unusual punishment. The Eighth Amendment prohibits the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981). However, only deprivations of basic human needs like food, medical care, sanitation, and physical safety will implicate Eighth Amendment concerns. *Id.*; *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). To state a constitutional claim, a complaint must outline an unquestioned and serious deprivation of a basic human need, or denial of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

The emotional harm described by Plaintiff falls far short of an objectively serious deprivation or punishment contemplated in the above precedents. Moreover, the Civil Rights of Institutionalized Persons Act (42 U.S.C. § 1997e *et seq.*), as amended in 1996 by the Prison Litigation Reform Act ("PLRA"), strictly limits an inmate's recovery for mental or emotional injury:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C.A. § 1997e(e). Because Plaintiff's complaint does not allege any physical injury whatsoever, she can recover nothing for her emotional injuries.

**Pending Motion**

Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED AS MOOT.**

**Disposition**

For the reasons stated above, this *civil rights action* is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  However, the dismissal is without prejudice to Plaintiff pursuing her claim for habeas relief under 28 U.S.C. § 2241.

Plaintiff is **ADVISED** that this dismissal shall count as one of her allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** March 8, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge